**In the Matter of M. Joan WILLIAMS a/k/a/ Marjorie Williams a/k/a Joan Williams, Debtor.**

**Bankruptcy No. 81–1846.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Feb. 1, 1982.

---

David Schrader, St. Petersburg, Fla., for debtor.

Robert L. King, Tampa, Fla., for Associates Financial.

## ORDER ON OBJECTION TO CLAIM OF EXEMPTION

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is an objection to the exemption claim of M. Joan Williams, the Debtor involved in the above-captioned Chapter 7 case. The objection is interposed by Associates Financial Services (Associates), and is based on the proposition urged by Associates that the Debtor is not head of a household and therefore not entitled to any exemption under the laws of this state. Art. X § 4, Fla.Const.; Chapter 222.01 *et. seq.*, Fla.Stat. At the duly noticed hearing, the Court heard testimony and the record as developed at the hearing reveals the following undisputed facts:

The Debtor is a single person who resides with her son, who is 21 years of age, in the home which is involved in this dispute and which the Debtor claims to be her homestead. The son is employed full time, suffers no mental or physical disability; he is not supported by the Debtor. There is no evidence in this record that the Debtor exercises any authority over her adult son; that she exercises any meaningful decision making effecting the life of her son; and, the Debtor and her son live together merely for their mutual convenience.

In order to qualify for the exemption accorded by the constitution and by the implementing statute of this state, Fla. Const. Chapter 222.01 supra, there must be at least two persons who live together in relation of one family and one of the two is recognized as, in fact, a person who exercises authority over the family unit. The family unit required may be family in law, i.e. a relationship of husband and wife, or child and parent. In each instance, however, there must be an established and continuing personal authority responsibility and obligation which rests upon one who is in charge of the welfare of others and who in fact is recognized and observed as head of the family. *In re Kionka's Estate*, 113 So.2d 603 (Fla.D.C.A.1959). It is well established that the parties cannot stipulate as to the family relationship and personal authority and responsibility must rest upon one who has either a legal or a moral duty to take care and support a dependant. *In re Kionka's Estate, supra.* While it is true that the exemption as a law of this state has been traditionally liberally construed, it is equally well established that it shall not be construed unfairly and for the purpose of obstructing just demands. *In re Kionka's Estate, supra.*

Considering the undisputed facts as appear from the record in light of the foregoing legal principals which govern the right to claim the benefits of the exemption laws of this State, Art. X, Fla.Const. § 4, it is clear that M. Joan Williams, the Debtor, does not qualify to be head of household and for this reason, is not entitled to the claimed exemptions.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Claim of Exemptions filed by Associates Financial Services be, and the same hereby is, sustained and the claim of exemptions be, and the same hereby is, disallowed.